**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| COREY WALTERS,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF DAYTON TX, DAYTON POLICE DEPARTMENT, CHRIS DUOS, DETECTIVE; SHANE BURLEIGH, CHIEF; DERRICK WOODS, CITY MANAGER; FNU WALKER, OFFICER; AND REFUGIO GONZALEZ, OFFICER;<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 1:25-CV-00526-MJT-ZJH<br><br>JUDGE MICHAEL TRUNCALE |

ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 27, 2025, the Court referred this case to United States Magistrate Judge Zack Hawthorn pursuant to a Standing Order. Pending before the Court is Defendants' *Motion to Dismiss Plaintiff's Amended Complaint (Doc. 11) Pursuant to FRCP 12(b)(6)*. Dkt. 20. On January 22, 2026, Plaintiff Corey Walters ("Walters") filed a *Response in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint*. Dkt. 21. Following Walters' *Response*, on August 6, 2026, Judge Hawthorn issued a *Report and Recommendation* [Dkt. 26], which recommended granting Defendants' *Motion to Dismiss Plaintiff's Amended Complaint* because Walters failed to adequately allege a Section 1983 claim. On August 24, 2026, Walters filed objections to Judge Hawthorn's *Report and Recommendation.* Dkt. 27.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to

which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The Court has reviewed *de novo* Judge Hawthorn's *Report and Recommendation* [Dkt. 26] in light of Walters' objections. The Court concludes that Judge Hawthorn's findings and conclusions of law are correct, and that Walters' objections are without merit.

Moreover, the Court addresses Walters' *Motion for Leave to File Second Amended Complaint*. Dkt. 28. Walters filed his original *Complaint* on October 27, 2025. After Defendants filed their *Motion to Dismiss* [Dkt. 10], Walters filed his *First Amended Complaint* [Dkt. 11]. The Defendants then filed a second *Motion to Dismiss Plaintiff's Amended Complaint*. Dkt. 20. In response to the second *Motion to Dismiss*, Walters did not ask for leave to amend his complaint. Instead, Walters waited for over seven months to seek leave, only shortly after Judge Hawthorn issued his *Report and Recommendation*.

The Court denies Walters' *Motion for Leave to File Second Amended Complaint* because Walters "'did not exercise diligence,'" to "re-plead and cure the deficiencies in [his] complaints prior to the court's dismissal order and . . . do[es] not explain why any of the facts in the [second] amended complaint were not otherwise 'available previous to the district court's opinion.'" *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021) (holding that "the district court did not abuse its discretion in denying plaintiffs' motion") (citing *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 865 (5th Cir. 2003)) (emphasizing that a "busy district court need not allow itself to be imposed upon by the presentation of theories seriatim") (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)).

It is therefore ORDERED that Walters' *Objections* [Dkt. 27] are OVERRULED, Judge Hawthorn's *Report and Recommendation* [Dkt. 26] is ADOPTED, and Walters' *Motion for Leave*

*to File Second Amended Complaint* [Dkt. 28] is DENIED. A final judgment will be entered separately, in accordance with the magistrate judge's recommendation.

**SIGNED this 18th day of September, 2026.**

Michael J. Truncale
United States District Judge